IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 1598 |
| Plaintiff, | JUDGE ZOUHARY |
| v. | COMPLAINT AND JURY TRIAL DEMAND |
| EXEL, INC., | |
| Defendant. | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices that discriminate on the basis of sex, (female) and retaliation, and to provide appropriate relief to Sandra K. Moreo who was adversely affected by such practices. As articulated with greater particularity in Paragraph 7 below, the Commission alleges that Ms. Moreo was employed by the Defendant, Exel, Inc. and during her employment she was subjected to egregious acts of sexual harassment and after complaining about this illegal conduct she was retaliated against by having her employment terminated.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) (1) and (3) of Title VII 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Exel, Inc. (the "Employer") has continuously been an Ohio corporation doing business in the State of Ohio and City of Leipsic and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to institution of this lawsuit, Sandra K. Moreo filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this suit have been fulfilled.

7.      Since at least April 22, 2005, Defendant Employer engaged in unlawful employment practices in Leipsic, Ohio, in violation of Sections 703 and 704 of Title VII, 42 U.S.C. §2000e-2.

   a) On April 22, 2005 Sandra K. Moreo began her employment as a Warehouse Worker at the Defendant's Leipsic, Ohio facility. Beginning on her very first day, during her orientation, supervisory employee Derrick Rodriguez began making unwelcome comments of a sexual nature to Ms. Morreo.

   b) Derrick Rodriguez held himself out as Sandra Moreo's supervisor. He trained Ms. Moreo and gave her work assignments.

   c) On a daily basis, Derrick Rodriguez sexually harassed Sandra K. Moreo. The harassment included but was not limited to: Rodriguez asking Ms. Moreo out; approaching Ms. Moreo from behind and placing his erect penis on her backside; scrutinizing her movements closely; isolating Ms. Moreo from other employees; unduly criticizing Ms. Moreo's work after she rebuffed his sexual advances; grabbing his erect penis through his pants and saying "Look what you do to me."

   d) On or about May 24, 2005, a co-worker, in whom Ms. Moreo confided about the harassment, reported the harassment of Ms.Moreo to a management employee of Defendant .

   e) Defendant's General Manager, at the Leipsic, Ohio facility, spent no more than 5 minutes talking to Ms. Moreo about the sexual harassment.

   f) Derrick Rodriguez received only a three day suspension for his egregious acts of sexual harassment, against Ms. Moreo.

g) During his absence, co-workers harassed Ms. Moreo for being responsible for his suspension.

h) Three days after Derrick Rodriguez returned to work after his suspension, Sandra K. Moreo was terminated for engaging in inappropriate horseplay with two other male employees, outside of the workplace.

i) Although two other employees were found to be engaged in the horseplay, Sandra K. Moreo was the only person terminated. Ms. Moreo was the only person who had engaged in activity protected by Title VII.

8. The effect of the practices complained of above has been to deprive Sandra K. Moreo of equal employment opportunities and to otherwise adversely affect her status as an employee due to impermissible considerations of her sex, female and in retaliation for having engaged in Title VII protected activities.

9. The unlawful practices complained of above were intentional.

10. The unlawful employment practices complained of above were undertaken with malice and/or reckless indifference to the federally protected rights of Sandra K. Moreo.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals by the implementation of practices and policies which discriminate on the basis of sex, female and for engagement in activities protected by Title VII.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for persons regardless of sex and regardless of participation in activities protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Sandra K. Moreo, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Sandra K. Moreo by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, backpay and front pay in amounts to be proven at trial.

E. Order Defendant Employer to make whole Sandra K. Moreo, by providing compensation for past and future pecuniary losses, in amounts to be proven at trial.

F. Order Defendant Employer to make whole Sandra K. Moreo by providing compensation for non-pecuniary losses in amounts to be proven at trial.

G. Grant an order assessing punitive damages against Defendant Employer for its malicious and reckless conduct described herein above in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
Washington, D.C.

Jacqueline McNair
Regional Attorney
Philadelphia District Office
Philadelphia, PA 19106
Jacqueline.McNair@eeoc.gov

C. Larry Watson
Associate Regional Attorney
Registration No. 0031443
larry.Watson@eeoc.gov

Donna Williams-Alexander
Senior Trial Attorney
Registration No. 0037838

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland Field Office
Anthony J. Celebrezze Office Building
1240 East Ninth Street - Suite 3001
Cleveland, Ohio  44199
(216) 522-7454
(216) 522-7430 fax
Donna.Williams-Alexander@eeoc.gov